SEOANE, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de compraventa.

No. 275.—Resuelto en mayo 8, 1916.

MANDATARIOS—INCAPACIDAD—GERENTES, ADMINISTRADORES O DIRECTORES DE SOCIEDADES.—La incapacidad de los mandatarios a que hace referencia el número 2 del artículo 1362 del Código Civil comprende, entre otros, a los gerentes, directores o administradores de sociedades.

ID.—COMPRAVENTA—GESTORES DE SOCIEDADES—ADQUISICIÓN DE BIENES DEL MANDANTE POR EL MANDATARIO—CONFABULACIÓN ENTRE COMPRADOR Y VENDEDOR.—Atendido el texto del artículo 1362, número 2, del Código Civil, aunque el comprador recurrente en este caso fuera el gestor de la sociedad vendedora cuando ésta traspasó a los ahora vendedores la finca de que se trata, no estaba impedido de adquirirla después para sí, por no aparecer que él, como tal gestor, efectuara la venta con el propósito de adquirir después la finca para sí, mediando confabulación con los compradores.

ID.—INCAPACIDAD—CONFABULACIÓN ENTRE COMPRADOR Y VENDEDOR—PRESUNCIÓN DE CONFABULACIÓN—NULIDAD DE CONTRATO—TRIBUNAL COMPETENTE—JUICIO.—Cuando la incapacidad de adquirir para sí un mandatario los bienes de su mandante no aparece del mismo documento presentado al registrador, la con-

fabulación, si la hubo, entre vendedor y comprador, no puede presumirse para viciar de nulidad el contrato, sino que ésta debe ser declarada por un tribunal competente, en el correspondiente juicio, y a virtud de gestión de parte interesada.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

. El registrador recurrido,. Sr. Emigdio S. Ginorio, compareció en nombre propio.

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

Por escritura pública No. 274 otorgada en el pueblo de Gurabo a 23 de octubre de 1915 ante el notario Andrés Mena Latorre, los esposos Nicolás Colón y Paula Márquez Rivera vendieron a Manuel Seoane Sanmartín una casa ubicada en la calle de Lago de dicho pueblo, que aquéllos habían adquirido de la Sociedad Agrícola de Gurabo por escritura de 15 de octubre de 1912; y presentado aquel documento para su inscripción en el Registro de la Propiedad de Caguas, el registrador la denegó por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, que es la escritura número 274, fecha 23 de octubre, 1915, otorgada en Gurabo, ante el notario Andrés Mena, porque Manuel Seoane Sanmartín, que adquiere la finca para sí, fué el gestor de la Sociedad Agrícola de Gurabo que la vendió a Nicolás Colón, que la vende ahora a aquél; y que 'no pueden adquirir por compra, aunque sea en subasta pública, por sí ni por persona alguna intermedia, los mandatarios los bienes, de cuya administración o enajenación estuviesen encargados; habiendo tomado anotación preventiva de la citada venta por el término legal de 120 días y a favor del comprador Manuel Seoane Sanmartín, al folio 41 del tomo 16 de Gurabo, finca número 722, inscripción, digo, anotación letra B. Caguas, a 23 de febrero de 1916. Emigdio S. Ginorio, Registrador."

Esa nota ha sido recurrida para ante esta Corte Suprema por Manuel Seoane Sanmartín, quien funda su recurso en la indebida aplicación del artículo 1362 del Código Civil vigente, en su número 2.

Prescribe dicho artículo que no podrán adquirir por compra, aunque sea en subasta pública o judicial, por sí ni por persona alguna intermedia, entre otros, los mandatarios, los bienes de cuya administración o enajenación estuviesen encargados. En el caso de *Jiménez* v. *El Registrador de San Juan, Sección 1ª.,* 21 D. P. R. 329, decidimos que la incapacidad de los mandatarios a que hace referencia el número 2 del artículo 1362 comprende, entre otros, a los gerentes, directores o administradores de las sociedades, cuya doctrina reprodujimos en el caso de *Turner* v. *el mismo registrador,* 22 D. P. R. 573.

Opinamos que, atendido el texto del artículo 1362, número 2, del Código Civil Revisado, aunque Seoane era gestor de la Sociedad Agrícola de Gurabo cuando vendió a Nicolás Colón y Paula Márquez Rivera en 15 de octubre de 1912, la casa perteneciente a dicha sociedad, no estaba incapacitado de adquirirla para sí de los consortes expresados, por la escritura de 23 de octubre de 1915, pues no aparece que Seoane como gestor de la Sociedad Agrícola de Gurabo, hiciera la venta de la finca con el propósito de adquirirla nuevamente para sí, mediando para ello confabulación entre los consortes Colón-Márquez, y Seoane Sanmartín.

En apoyo de nuestra opinión viene la resolución de la Dirección General de los Registros de España de 13 de noviembre de 1895, la cual sostiene ''que la incapacidad establecida en dicho artículo (1459 del Código Civil Español y 1362 del Revisado) con relación a los mandatarios, es sólo para adquirir por sí o por persona intermedia los bienes de cuya administración o enajenación estuviesen encargados al tiempo de realizar la venta; que si el legislador hubiese querido establecer una prohibición absoluta y para todo tiempo, la habría consignado claramente, bastando para ello haberla extendido a los que *hubiesen estado* encargados de la enajenación o administración; y que la frase *ni por persona alguna intermedia* no tiene ni puede tener la virtud de

convertir en indefinida y absoluta una incapacidad relativa y temporal, ni tiene más objeto que evitar que en las subastas hiciera un extraño postura, se rematase la finca a su favor y luego cediese su derecho al mandatario encargado de la enajenación.''

La anterior resolución fué invocada por esta Corte Suprema al resolver el caso de *Bengoa* v. *El Registrador de Mayagüez,* 14 D. P. R. 107.

En otra resolución de la Dirección General de los Registros de España de 22 de agosto, 1907, se reproduce la doctrina establecida en la de 13 de noviembre de 1895, y se añade ''que aun en el supuesto de que por no ser clara la redacción del artículo 1459 del Código Civil Español (1362 del Revisado) fuera necesaria su interpretación, debería ser ésta restrictiva, por tratarse de un precepto que coarta la libertad de contratar; y que cualquiera que sea la fuerza que moralmente puedan tener las razones alegadas por el registrador para dar por evidente la confabulación entre comprador y vendedor, sería preciso para que la tuvieran en el terreno del derecho, que fueran apreciadas por los tribunales en el juicio correspondiente.

Es de notar que la escritura cuya inscripción se ordenó por la resolución de 22 de agosto de 1907 era de venta de varias fincas por Francisco Recarte a José Joaquín Oruezábal, habiéndolas adquirido aquél por compra al último como apoderado de Antonio Aguirre, con intervalo sólo de 4 días entre uno y otro contrato. En el presente caso, entre la venta por Seoane a los consortes Colón-Márquez, y por éstos a Seoane, han mediado más de tres años.

Poco importa que Seoane, gestor de la Sociedad Agrícola de Gurabo cuando vendió la casa de esta sociedad a los consortes Nicolás Colón y Paula Márquez por escritura de 15 de octubre de 1912, fuera o no gestor de la misma sociedad al adquirir para sí la finca por escritura de 23 de octubre de 1915, pues en esta fecha no estaba encargado de la administración de dicha casa; y si medió confabulación entre

vendedor y comprador, tal confabulación no puede presumirse para viciar de nulidad el contrato de compraventa contenido en la escritura de 23 de octubre de 1915, sino que esa nulidad debe ser declarada por tribunal competente en el correspondiente juicio y a virtud de gestión de parte verdaderamente interesada.   Otra cosa sería si la incapacidad resultara del mismo documento, como resultaba en el caso ya citado de *Jiménez* v. *El Registrador de San Juan, Sección 1ª.,* 21 D. P. R. 329.

.Es de revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.